UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JOSE ESPOSORIO GOMEZ CRUZ, JOSE
REYNALDO PEREZ *a/k/a* JUNIOR,
JUAN LUNA, and RUFINO FLORES GODINES,

                Plaintiffs,

v.

DING FENG LIN CONSTRUCTION LLC *d/b/a*
DING FENG LIN CONSTRUCTION LLC, and HE
SHUN CHEN,

                Defendants.

-----------------------------------------------------------------

**ORDER**
24-CV-2657 (MKB) (VMS)

MARGO K. BRODIE, United States District Judge:

    Plaintiffs Jose Esposorio Gomez Cruz, Jose Reynaldo Perez also known as Junior, Juan Luna, and Rufino Flores Godines commenced the above-captioned action on April 9, 2024 against Defendants Ding Feng Lin Construction doing business as Ding Feng Lin Construction LLC and He Shun Chen, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New York Labor Law, NYLL §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). (Compl., Docket Entry No. 1.) On December 13, 2024, Plaintiffs moved for default judgment against Defendants. (Pls.' Mot. for Default J., Docket Entry No. 28; Pls.' Mem. in Supp. of Pls.' Mot. for Default J., Docket Entry No. 30.) On December 17, 2024, the Court referred Plaintiffs' motion for default judgment to Magistrate Judge Vera M. Scanlon for a report and recommendation. (Order dated Dec. 17, 2024.)

    By report and recommendation dated August 18, 2025, Judge Scanlon recommended that the Court grant in part and deny in part Plaintiffs' motion (the "R&R"). (R&R 1, Docket Entry

No. 35.) For the reasons discussed below, the Court adopts the R&R and grants in part and denies in part Plaintiffs' motion for default judgment.

**I. Background**

On July 8, 2024, Plaintiffs filed executed affidavits of service for the summons and Complaint in this action. (Summons Returned Executed as to Chen, Docket Entry No. 8; Summons Returned Executed as to Ding Feng Lin Construction LLC, Docket Entry No. 9.) Defendants failed to answer or otherwise respond, and Plaintiffs requested certificates of default on November 20, 2024. (Pls.' Certificate of Default Request, Docket Entry No. 19.) On November 25, 2024, the Clerk of Court noticed default against Defendants. (Clerk's Entry of Default, Docket Entry No. 23.) On December 13, 2024, Plaintiffs moved for a default judgment against Defendants. (Pls.' Mot. for Default J.) Defendants have neither answered nor responded to Plaintiffs' motion for default judgment.

In the R&R, Judge Scanlon recommends that the Court grant in part and deny in part Plaintiffs' motion for default judgment as to liability and deny without prejudice as to damages. (R&R 1, 43.) First, Judge Scanlon recommended that the Court find the Defendants liable as to (1) Gomez Cruz's (a) overtime claims under the FLSA and the NYLL, and (b) wage-notice and wage-statement claims under the NYLL; (2) Reynaldo Perez's (a) overtime claim under FLSA beginning April 9, 2021, (b) overtime claim under the NYLL beginning January 1, 2018, (c) minimum-wage claim under the NYLL from December 31, 2019, to December 31, 2020, and (d) for wage-notice and wage-statement claims under the NYLL beginning August 24, 2017; (3) Luna's (a) overtime claim under the FLSA beginning April 9, 2021, (b) overtime claim under the NYLL beginning April 1, 2018, (c) wage-notice and wage-statement claims under the NYLL beginning August 24, 2017; and (4) Flores Godines' (a) overtime claims under the FLSA and the

NYLL, and (b) wage-notice and wage-statement claims under the NYLL. (*Id.* at 1–2.) Second, Judge Scanlon recommends that the Court deny Plaintiffs' motion for default judgment as to (1) Gomez Cruz's minimum-wage claims under the FLSA and NYLL, (2) Reynaldo Perez's minimum-wage claim under the FLSA, (3) Luna's minimum-wage claims under the FLSA and the NYLL, (4) Flores Godines' minimum-wage claims under the FLSA and NYLL, and (5) any claims outside the aforementioned limitations periods. (*Id.* at 2, 33–37, 43–44.) Specifically, Judge Scanlon recommends that the Court deny Plaintiffs' motion as to (1) Reynaldo Perez for (a) overtime violations under the FLSA prior to April 9, 2021, (b) overtime violations under the NYLL prior to January 1, 2018, (c) minimum-wage violations under the NYLL prior to December 31, 2019 and after December 31, 2020, and (d) wage-notice and wage-statement violations under the NYLL prior to August 24, 2017; and (2) Luna for (a) overtime violations under the FLSA prior to April 9, 2021, (b) overtime violations under the NYLL prior to April 1, 2018, and (c) wage notice and wage-statement claims under the NYLL prior to August 24, 2017. (*Id.* at 2, 19–20, 25–26, 29–30, 39–40, 43–44.) Fourth, Judge Scanlon recommends that the Court deny Plaintiffs' motion for default judgment without prejudice as to Plaintiffs' damages, and permit Plaintiffs "to file a motion for damages and other monetary relief based on supporting evidence, sworn or affirmed to by Plaintiffs or other persons with personal knowledge, consistent with [the R&R] within [thirty] days of its adoption, if it is adopted." (*Id.* at 2, 44)

  In addition, Judge Scanlon recommends that the Court permit Plaintiffs (1) "to file a motion for damages and other monetary relief based on supporting evidence, sworn or affirmed to by Plaintiffs or other persons with personal knowledge, consistent with [the R&R] within [thirty] days of its adoption" and (2) "to submit updated billing records and invoices for this action along with any motion for damages," "[i]f Plaintiffs' counsel seeks attorneys' fees." (*Id.*

at 43–44.) On August 16, 2025, the court mailed a copy of the R&R and the docket to Defendants. Judge Scanlon directed that the parties file objections, if any, with the Clerk of Court on or before August 29, 2025. (R&R 44–45; Order dated Aug. 15, 2025.)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Burke v. Hous. & Servs., Inc.,* No. 23-635, 2024 WL 2207054, at *1 (2d Cir. May 16, 2024) (quoting *Smith*, 782 F.3d at 102)*, cert. denied,* 145 S. Ct. 1962 (2025); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (internal quotation marks omitted) (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and

recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motion for default judgment. The Court grants Plaintiffs' motion against Defendants as to (1) Gomez Cruz's (a) overtime claims under the FLSA and the NYLL, and (b) wage-notice and wage-statement claims under the NYLL; (2) Reynaldo Perez's (a) overtime claim under FLSA beginning April 9, 2021, (b) overtime claim under the NYLL beginning January 1, 2018, (c) minimum-wage claim under the NYLL from December 31, 2019, to December 31, 2020, and (d) wage-notice and wage-statement claims under the NYLL beginning August 24, 2017; (3) Luna's (a) overtime claim under the FLSA beginning April 9, 2021, (b) overtime claim under the NYLL beginning April 1, 2018, and (c) wage-notice and wage-statement claims under the NYLL beginning August 24, 2017; and (4) Flores Godines' for (a) overtime claims under the FLSA and the NYLL, and (b) wage-notice and wage-statement claims under the NYLL. The Court denies Plaintiffs' motion for default judgment as to (1) Gomez Cruz's minimum-wage claims under the

FLSA and NYLL, (2) Reynaldo Perez's minimum-wage claim under the FLSA, (3) Luna's minimum-wage claims under the FLSA and NYLL, and (4) Flores Godines' minimum-wage claims under the FLSA and NYLL. In addition, the Court denies Plaintiffs' motion for default judgment as to (1) Reynaldo Perez's (a) overtime claim under the FLSA as to conduct prior to April 9, 2021, (b) overtime claim under the NYLL as to conduct prior to January 1, 2018, (c) minimum-wage claim under the NYLL as to conduct prior to December 31, 2019 and after December 31, 2020, and (d) wage-notice and wage-statement claims under the NYLL as to conduct prior to August 24, 2017; and (2) Luna's (a) overtime claim under the FLSA as to conduct prior to April 9, 2021, (b) overtime claim under the NYLL as to conduct prior to April 1, 2018, and (c) wage notice and wage-statement claims under the NYLL as to conduct prior to August 24, 2017.

The Court also denies without prejudice Plaintiffs' motion for default judgment as to Plaintiffs' damages, and directs Plaintiffs to file (1) a motion for damages and other monetary relief based on supporting evidence, sworn or affirmed to by Plaintiffs or other persons with personal knowledge, that is consistent with the R&R, and (2) updated billing records and invoices for Plaintiffs' counsel along with any motion for damages within thirty days of this Order.

Dated: September 9, 2025
   Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge
