UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ESPOSORIO GOMEZ CRUZ, JOSE REYNALDO PEREZ a/k/a JUNIOR, JUAN LUNA and RUFINO FLORES GODINES, Plaintiffs, – against – HE SHUN CHEN, Defendant. | **REPORT AND RECOMMENDATION** 24 Civ. 2657 (MKB) (VMS) |

**Vera M. Scanlon, United States Magistrate Judge:**

This is an action brought by Plaintiffs Jose Esposorio Gomez Cruz ("Mr. Gomez Cruz"), Jose Reynaldo Perez a/k/a Junior ("Mr. Reynaldo Perez"), Juan Luna ("Mr. Luna") and Rufino Flores Godines ("Mr. Flores Godines") (collectively, "Plaintiffs") to recover damages for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), and the New York Labor Law, N.Y. Lab. L. §§ 190 et seq.; 650 et seq., and the corresponding New York regulations (the "NYLL"). Plaintiffs filed this action on April 9, 2024, against Defendant Ding Feng Lin Construction LLC ("Corporate Defendant" or "DFL") and Defendant He Shun Chen ("Individual Defendant" or "Mr. Chen"). See ECF No. 1.[1]

Before the Court is Plaintiffs' motion for default judgment as to damages. See ECF No. 37. Although Plaintiffs previously withdrew this motion without prejudice, see 3/11/2026 Order, by letter dated July 29, 2026, Plaintiffs requested to proceed with the motion against only

[1] By stipulation dated July 22, 2026, Plaintiffs and Ding Feng Lin Construction LLC agreed to voluntarily dismiss all claims asserted by Plaintiffs against Ding Feng Lin Construction LLC. See ECF No. 51. On July 30, 2026, Chief District Judge Margo K. Brodie entered an Order dismissing Ding Feng Lin Construction. See 7/30/2026 Order. Accordingly, He Shun Chen is the only remaining Defendant.

Individual Defendant. See ECF No. 52. For the reasons stated below, the Court respectfully recommends that the motion be denied without prejudice.

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural history of this case, as set forth more fully in this Court's report and recommendation ("R&R") regarding Plaintiffs' motion for default judgment. See Gomez Cruz v. Ding Feng Lin Constr. LLC, No. 24 Civ. 2657 (MKB) (VMS), 2025 WL 2933201 (E.D.N.Y. Aug. 15, 2025), report & recommendation adopted, No. 24 Civ. 2657 (MKB) (VMS), 2025 WL 2602265 (E.D.N.Y. Sep't 9, 2025). The Court recites only the factual and procedural background necessary to consider the instant motion.

### a. August 15, 2025, Report and Recommendation

On August 15, 2025, the Court issued its R&R recommending that Plaintiffs' motion for a default judgment be granted in part and denied in part as to liability, and denied without prejudice as to damages. See ECF No. 35. First, the R&R recommended that Defendants[2] be found liable for the relevant periods as described below:

(1) to Mr. Gomez Cruz for overtime violations under the FLSA and the NYLL, and wage-notice and wage-statement violations under the NYLL;

(2) to Mr. Reynaldo Perez for overtime violations under the FLSA beginning April 9, 2021; for overtime violations under the NYLL beginning January 1, 2018; for minimum-wage violations under the NYLL from December 31, 2019, to December 31, 2020; and for wage-notice and wage-statement violations under the NYLL beginning August 24, 2017;

(3) to Mr. Luna for overtime violations under the FLSA beginning April 9, 2021; for overtime violations under the NYLL beginning April 1, 2018; and for wage-notice and wage-statement violations under the NYLL beginning August 24, 2017; and

[2] At the time of the R&R, the named Defendants were Ding Feng Lin Construction LLC and He Shun Chen. See ECF No. 35.

(4) to Mr. Flores Godines for overtime violations under the FLSA and the NYLL, and wage-notice and wage-statement violations under the NYLL.

Id. at 1-2. Second, the R&R recommended denial of Plaintiffs' motion "as to Mr. Gomez Cruz's minimum-wage claims, Mr. Reynaldo Perez's minimum-wage claims under the FLSA, Mr. Luna's minimum-wage claims, Mr. Flores Godines's minimum-wage claims and any claims prior to the limitations periods as described above." Id. at 2. Third, the R&R recommended denial "as to Plaintiffs' damages, and that Plaintiffs be permitted to file a motion for damages and other monetary relief based on supporting evidence, sworn or affirmed to by Plaintiffs or other persons with personal knowledge, consistent with this report and recommendation within 30 days of its adoption, if it is adopted." Id.

In recommending denial of Plaintiffs' request for damages, the Court highlighted that "Plaintiffs fail to give specific time periods as to the beginnings and endings of their employment, Plaintiffs' changes in daily wages and Plaintiffs' changes in hours." Id. at 41. The Court identified several ambiguities in Plaintiffs' declarations, which "would have significant implications [for] calculating how much money Plaintiffs are owed in overtime premiums and missing minimum wages." Id. at 41-42. For example, Mr. Flores Godines did not specify "the weeks in which he worked sixty, as opposed to fifty, hours per week." Id. at 42 (citing Flores Godines Decl. ¶ 13). The Court also "note[d] that Mr. Reynaldo Perez's and Mr. Luna's submissions imply that they worked without a break in employment throughout the Covid-19 pandemic" and warned that "[a]ny future submissions should either confirm this point or correct it." Id. at 43. In addition to compensatory damages, Plaintiffs sought liquidated damages, pre-judgment interest and attorneys' fees and costs. Id. at 42 n.11 (citing Sojo Decl. ¶¶ 42-57). Because said damages would be calculated alongside any award of compensatory damages, and Plaintiffs' counsel would likely request additional fees, the Court also recommended that these

requests be denied without prejudice. Id. at 42 n.11. In closing, the Court stated that "[a]ny updated statement of damages should be sworn or affirmed to by Plaintiffs or other persons with personal knowledge of Plaintiffs' damages and should include a week-by-week approximation of Plaintiffs' hours worked and daily wages." Id. at 43. If Plaintiffs' counsel sought attorneys' fees, they were directed to "submit updated billing records and invoices for this action along with any motion for damages." Id. Plaintiffs' counsel were further instructed to "email a 'live' spreadsheet of their damages calculation" to the undersigned's chambers. Id.

**b. Developments Since Adoption Of The Report & Recommendation**

On September 9, 2025, the Chief District Judge adopted the R&R in its entirety. See ECF No. 36. Plaintiffs timely filed the instant motion for damages. See ECF No. 37. Questions as to the correct identity of Plaintiffs' employer(s) subsequently came to light. On November 10, 2025, previously named Corporate Defendant DFL filed a notice of appearance, see ECF No. 38, and on December 8, 2025, DFL filed a motion to vacate the default judgment. See ECF No. 39. On February 24, 2026, Plaintiffs filed a letter advising the Court of their consent to vacate the default judgment against DFL. See ECF No. 41. On March 4, 2026, the undersigned held a conference, during which counsel for Plaintiffs and DFL confirmed their stipulation to vacate the judgment as to DFL only. See Transcript of 3/4/2026 Status Conference, ECF No. 54 at 5.[3] The

[3] During the March 4, 2026, conference, DFL's counsel informed the Court that while Plaintiffs sought redress for wage claims from construction work, "my client says it's just the wrong Defendant . . . her company only does contracting for containers and . . . taking debris in containers." See Transcript of 3/4/2026 Status Conference, ECF No. 54 at 8. DFL's counsel said that he requested documentation from Plaintiffs' counsel showing a connection between DFL and the Plaintiffs' claims. Id. The information Plaintiffs provided referred to "construction . . . with a different general contractor named [Muhammed Jabbie], and the one document that mentions . . . Snow Chen and Snow Chen Ding Feng is a Department of Transportation permit . . . for a container placement on the street, at an address that has nothing to do with the claimed construction site." Id. DFL's counsel asserted that Plaintiffs had the "[w]rong dates, wrong time

Court entered an order vacating the judgment as to DFL only and withdrawing Plaintiffs' motion for damages at ECF No. 37 "without prejudice as to the individual defendant, He Shun Chen, with leave to reinstate by letter." See 3/11/2026 Order. The parties were directed to engage in informal discovery for thirty days to clarify the identity of the correct corporate defendant and to determine next steps in this action. Id.

By letter dated April 10, 2026, DFL informed the Court that, after engaging in meet and confer efforts, DFL's position "that the plaintiffs have sued the wrong corporate defendant" was unchanged. See ECF No. 42. That same day, DFL filed a motion to dismiss for failure to state a claim. See ECF No. 43. Chief District Judge Brodie terminated this motion for non-compliance with the Court's procedural requirements. See 4/13/2026 Order. DFL then filed motions for a pre-motion conference and to stay all discovery, which Plaintiffs opposed. See ECF Nos. 45, 47, 49-50. In their opposition dated April 28, 2026, Plaintiffs attached three pictures of "Building Operation Permits" issued by the New York City Department of Transportation on August 23, 2023, to "PLACE OPEN CONSTRUCTION DEBRIS CONTAINER ON STREET" at the roadway at 51st Street, between 6th and 7th Avenues in Brooklyn, New York. See ECF No. 49-1 at 1-3. The permits indicate that permission is granted to "DING FENG LIN CONSTRUCTION LLC" and list "Chen Snow" as the contact. Id. Plaintiffs also attached a picture of a poster showing a residential building with an anticipated completion date of May 2024. See ECF No. 49-1 at 4. The poster is entitled, "Work in Progress: Residential," and lists

---

wrong[] company," and said that "I come up a total blank" on the name "He Shun Chen." Id. at 9-10. Plaintiffs' counsel stated that "my clients, they have provided pictures of work permits on various dates. They do indicate that the name Ding Feng Lin Construction and Snow Chen who is, I believe, the corporate representative for the corporate Defendant." Id. at 13.

"GC. CHEN" for additional information and "MUHAMMED JABBIE" as general contractor. Id.[4]

The Court held status conferences on May 19, 2026, and July 21, 2026, during which counsel for Plaintiffs and DFL informed the Court that attempts to confirm the identity of Plaintiffs' corporate employers and individual supervisors had been unsuccessful. See 5/19/2026 Order & 7/21/2026 Order; see also Transcript of 5/19/2026 Status Conference, ECF No. 55 & Transcript of 7/21/2026 Status Conference, ECF No. 56. During the May 19, 2026, conference, Plaintiffs' counsel referred to the pictures of the "Building Operation Permits," and DFL's counsel acknowledged Snow Chen was his client. See Transcript of 5/19/2026 Status Conference, ECF No. 55 at 3. DFL's counsel explained that "Ding Feng Lin is not a construction company, but rather runs containers that can be linked to construction . . . You need a city permit to park a container on the street, and so that's what that permit is . . . it's not a construction-related license." Id. at 4. The Court asked, "has anybody looked for the [Department of Buildings] DOB permits for this site?" Id. Plaintiffs' counsel represented that he would look after the call. Id. Plaintiffs' counsel also noted that the telephone number for "GC Chen" listed on the permits linked to "He Shun Chen." Id. at 5-6. The Court observed, "the Defendant raises a Rule 11 issue that they have nothing to do with this building site and . . . your clients are persisting without you doing the research, even to the most obvious of sources." Id. at 7. At the conclusion of this conference, the Court directed both parties to conduct discovery as to the corporate identity of the employer, cautioning counsel that "to litigate a

[4] The Court notes that all four pictures align with the representations that DFL's counsel made during the March 4, 2026, conference. See generally Transcript of 3/4/2026 Status Conference, ECF No. 54. Moreover, they do not demonstrate that Plaintiffs identified the correct corporate defendant.

whole case with possibly the wrong Defendant while . . . there's somebody out there, or entities out there, that should be defendants in the case and time just keeps going by, and the statute of limitations . . . becomes a problem, and on and on and on." Id. at 8.

During the July 21, 2026, conference, Plaintiffs' counsel stated, "[w]e received the discovery. We didn't find anything to implicate He Shun Chen." See Transcript of 7/21/2026 Status Conference, ECF No. 56 at 3. Plaintiffs' counsel said "we can stipulate to discontinue this action against those defendants." Id. at 4. When asked by the Court if Plaintiffs intended to substitute others or cease the action, Plaintiffs' counsel responded, "we don't have anybody to substitute." Id. The Court informed both parties that based on the "anticipated stipulation to dismiss the action," which it expected to be filed by July 28, 2026, it would not take any further action regarding the pending motion for damages. Id. On July 29, 2026, Plaintiffs' counsel changed positions and filed a letter stating their intent to proceed with their motion for damages against Individual Defendant. See ECF No. 52. Plaintiffs' letter also indicated "[t]he parties have stipulated to dismiss the Corporate Defendant in this matter." Id. Accordingly, on July 30, 2026, Chief District Judge Brodie entered an Order dismissing DFL. See 7/30/2026 Order.

The Court issued a docket order scheduling a status conference, noting that "[d]uring the 7/21/2026 conference, Plaintiffs' counsel indicated that counsel intended to dismiss the action because the parties could not be properly identified. There was no discussion that Plaintiffs intended to proceed against the individual defendant." See 8/4/2026 Order. After Plaintiffs' counsel failed to appear for the August 6th conference, the Court held a status conference on August 12, 2026. See 8/6/2026 Order & 8/12/2026 Order. During the conference, Plaintiffs' counsel clarified that it had only intended to dismiss this action as to the Corporate Defendant, explaining "all that limited discovery that we did was just for the corporate defendant, not for

Mr. Chen, because he was not represented by counsel. He has not appeared in this action in any way or form." See Transcript of 8/12/2026 Status Conference, ECF No. 53 at 2. As to the Individual Defendant, Plaintiffs' counsel said "I spoke with Juan Luna, who was one of the Plaintiffs. He said that he worked for He Shun Chen for ten years. He provided me with his phone number. And multiple Plaintiffs have said that they worked with a Mr. Chen. They only knew him by Mr. Chen. They described his physical characteristics." Id. at 7. Plaintiffs' counsel confirmed that this individual was served. Id. at 8. At the conclusion of the hearing, the Court stated:

> I think your clients are on notice that[,] and you're on notice that [if] this is the wrong person, this is a problem because this is not what the record was saying along the way. . . . Ding Feng Lin seems to have been added without any reasonable basis. And then the question is, is the person who[m] [Plaintiffs] claim they worked for[,] this person who was served, who, in these papers, is connected to this corporation, which is not the correct corporation. So I don't know if we'll ever hear from He Shun Chen.
>
> I guess if we do, [there is] a pretty good basis in this record for moving to vacate this, if this is not the right person. Because there seems to be [a] tremendous gap in the information that they have about who their employer was[] [b]ased on everything that was said in connection with the corporate defendant[].

Id. at 8. The Court continued, "you haven't identified a corporation that supposedly He Shun Chen had something to do with, even though supposedly there was a corporation. So it's a huge question mark over all this." Id. at 10. In closing, the Court stated, "it doesn't seem like there is any further investigation as to who[m] or what was the actual employer. And that is concerning because you're saying you worked for somebody and that they worked for some entity. And despite the fact that there's notice, there's information[] that's publicly available[,] sources, you haven't come back with it." Id. at 12.

As stated in the docket order following the conference, "counsel for Plaintiffs argued on the record as to why the Court should proceed with this matter as to Individual Defendant He

Shun Chen despite the previous indication that a stipulation of dismissal would be filed as to this action. Plaintiffs are on notice that the Court is aware that questions as to the correct identity of Plaintiffs' employer(s) were previously raised on the record." See 8/12/2026 Order.[5] Nonetheless, the Court allowed the motion for damages to proceed on the letter and previous filings, as no individual had appeared to dispute Plaintiffs' claims. Id.

## II. LEGAL STANDARD FOR DETERMINING DAMAGES

With judgment having been entered against Individual Defendant as to liability, the Court now considers whether any damages should be awarded to Plaintiffs. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The Court "must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.' " Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). A plaintiff's damages must "naturally flow from the injuries pleaded." Fermin v. Las Delicias Peruanas Restaurant, Inc., 93 F. Supp. 3d 19, 29 (E.D.N.Y. 2015) (quoting Greyhound, 973 F.2d at 159).

In order to determine damages, the court may "presume the accuracy of Plaintiffs' recollection and estimates of hours worked set forth in their affidavits and damages calculations." Cao v. Wedding in Paris LLC, 727 F. Supp. 3d 239, 296 (E.D.N.Y. 2024). Because, under the FLSA, the employer bears the burden to track the hours that an employee works, "[a] plaintiff need not compute FLSA damages with precision." Harold Levinson Assoc.,

[5] The Court previously found that "[s]ervice of process was effectuated on Mr. Chen after three attempts to serve Mr. Chen personally at his home address, by affixing the summons and complaint to his door." See ECF No. 35 at 7.

Inc. v. Chao, 37 F. App'x 19, 20 (2d Cir. 2002) (summary order). "However, it remains the plaintiffs' burden to prove damages to a 'reasonable certainty.' " Lopez v. Yossi's Heimishe Bakery Inc., No. 13 Civ. 5050 (FB) (CLP), 2015 WL 1469619, at *9 (E.D.N.Y. Mar. 30, 2015) (quoting Credit Lyonnais, 183 F.3d at 155). In order to establish this reasonable certainty, the court must "determin[e] the proper rule for calculating damages . . . and assess[ ] [the] plaintiff's evidence supporting the damages to be determined under this rule." Credit Lyonnais, 183 F.3d at 155. "Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." Gunawan, 897 F. Supp. 2d at 83.

A court may deny a default judgment motion if "[t]he record evidence does not provide a sufficient basis for determining a damages award." Singh v. Mowla, No. 19 Civ. 4687 (PKC) (LB), 2022 WL 17820099, at *11 (E.D.N.Y. Sep't 30, 2022) (finding that the record did "not even provide enough evidence to establish the number of hours that plaintiffs worked each week," so the court could not "determine [the plaintiffs'] hourly rate of pay"). A court may decline to award damages in a default judgment motion if the plaintiff cannot prove damages to a reasonable certainty, "even where liability has been established[.]" HTV Indus., Inc. v. Agarwal, 317 F. Supp. 3d 707, 717 (S.D.N.Y. 2018).

## III. DISCUSSION

At the conclusion of the August 15, 2025, R&R, the Court provided explicit instructions for Plaintiffs to file a "new motion for damages consistent with this report within 30 days of its adoption, if it is adopted." See ECF No. 35 at 43. The Court instructed:

> Any updated statement of damages should be sworn or affirmed to by Plaintiffs or other persons with personal knowledge of Plaintiffs' damages and should include a week-by-week approximation of Plaintiffs' hours worked and daily wages. The Court does note that Mr. Reynaldo Perez's and Mr. Luna's submissions imply that they worked without a break in employment throughout the Covid-19 pandemic. Any future submissions should either confirm this point or correct it. If Plaintiffs'

> counsel seeks attorneys' fees, counsel should submit updated billing records and invoices for this action along with any motion for damages. If the District Court refers the damages motion to the undersigned, Plaintiffs' counsel are to email a "live" spreadsheet of their damages calculation to scanlon_chambers@nyed.uscourts.gov.

Id. On September 9, 2025, the Chief District Judge adopted the R&R in its entirety. See ECF No. 36. Plaintiffs timely filed their motion for damages. See ECF No. 37.

As an initial matter, the Court is not satisfied that Individual Defendant is properly on notice about the instant motion. Pursuant to Local Civil Rule 55.2(a), the party moving for a default judgment must file a certificate of service stating that all required moving papers "have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought." Loc. Civ. R. 55.2(a)(3). As to the original default judgment motion, Plaintiffs provided a certificate of service stating that "Plaintiffs' Notice of Motion for Default Judgment (Dkt. No. 28), the Declaration of Catalina Sojo in Support of Plaintiffs' Motion for Default Judgment, with Exhibits (Dkt. No. 29), and the Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment (Dkt. No. 30)" were mailed via first-class mail to Mr. Chen's last known residence. See ECF No. 31. As to the instant motion for damages, Plaintiffs have not provided a certificate of service or otherwise demonstrated that any attempts were made to serve Individual Defendant with the moving papers. See generally ECF No. 37.

The Court has compared Plaintiffs' original papers in support of its motion for default judgment with the instant motion for damages and finds that the two submissions are substantially the same despite the fact that the Court did not award damages based on the previous submission. Compare ECF Nos. 28-30, with ECF No. 37. First, Plaintiffs' declarations in support of their motion for damages appear to be identical to the declarations submitted in support of their original motion for default judgment. Compare ECF Nos. 29-5, 29-6, 29-7, 29-

8, with ECF Nos. 37-1, 37-2, 37-3, 37-4. Each of the four individual Plaintiffs—Mr. Gomez Cruz, Mr. Luna, Mr. Rufino Godines and Mr. Reynaldo Perez—submitted a sworn declaration for each motion. Id. The "new" declarations, filed with the Court on the damages motion, each show a December 2024 signature date and appear identical to the original declarations filed on December 13, 2024. Id. In the R&R, the Court raised concerns about Plaintiffs' declarations lacking "specific weeks or even specific months for major shifts in Plaintiffs' employment periods, such as increases in salary, and the beginning and end of their employment." See ECF No. 35 at 41-42. The Court explained that "[a]mbiguities in Plaintiffs' declarations would have significant implications [for] calculating how much money Plaintiffs are owed in overtime premiums and missing minimum wages" and said this prevented the Court from awarding damages "based on Plaintiffs' submissions as they stand." Id. at 42. The Court specifically highlighted Mr. Flores Godines's damages, noting "the Court lacks information as to the weeks in which he worked sixty, as opposed to fifty, hours per week." See ECF No. 35 at 42 (citing Flores Godines Decl. ¶ 13). Yet, Plaintiffs did nothing to address the Court's concerns and simply re-submitted identical declarations, despite the instant motion for damages being filed about ten months after the motion for default judgment. Compare ECF Nos. 29-5, 29-6, 29-7, 29-8, with ECF Nos. 37-1, 37-2, 37-3, 37-4. Plaintiffs did not address the Court's question about whether Mr. Reynaldo Perez and Mr. Luna worked without a break in employment throughout the Covid-19 pandemic. Id. Plaintiffs have thus done nothing to resolve the ambiguities in their declarations.

Second, the original damages chart, submitted on December 13, 2024, and the "new" damages chart, submitted on October 9, 2025, appear to be substantially the same. Compare ECF No. 29-9, with ECF No. 37-7. The Court has identified the following differences:

(1) In the original damages chart, Mr. Reynaldo Perez's first pay period is listed as "4/10/2018 to 12/31/2018" for a total of 38 weeks. See ECF No. 29-9 at 1. In the new damages chart, it is modified to "1/1/2018 to 12/31/2018" for a total of 52 weeks. See ECF No. 37-7 at 1. There are also minor changes to Mr. Reynaldo Perez's listed "rate of pay" for several pay periods. Compare ECF No. 29-9 at 1, with ECF No. 37-7 at 1. In the original damages chart, Mr. Reynaldo Perez's unpaid overtime was calculated as $27,295.00, whereas in the new damages chart it is $28,275.00. Id.

(2) In the original damages chart, Mr. Luna's first pay period is listed as "4/10/2018 to 12/31/2018" for a total of 38 weeks. See ECF No. 29-9 at 1. In the new damages chart, it is modified to "4/1/2018 to 12/31/2018" for a total of 39 weeks. See ECF No. 37-7 at 1. In the original damages chart, Mr. Luna's unpaid overtime was calculated as $25,180.00, whereas in the new damages chart it is $25,255.00. Compare ECF No. 29-9 at 1, with ECF No. 37-7 at 1.

(3) In the new damages chart, the calculations of "Liq. Damages on Wages & OT" for Mr. Reynaldo Perez and Mr. Luna are updated based on the changes identified above. Compare ECF No. 29-9 at 1, with ECF No. 37-7 at 2.

(4) In the new damages chart, the calculations of "Pre Jud. Interest (PJI) on OT & Wages" are updated. Compare ECF No. 29-9 at 2, with ECF No. 37-7 at 2. The original prejudgment interest total for all four Plaintiffs was $20,495.38, whereas the new total is $25,882.33. Id.

(5) The total damages calculations are updated based on the changes identified above. Compare ECF No. 29-9 at 2, with ECF No. 37-7 at 2. In the original damages chart, Plaintiffs sought $182,385.38; in the new damages chart, Plaintiffs seek $189,882.33. Id.

Aside from these minor changes, Plaintiffs did not otherwise modify their damages chart. Compare ECF No. 29-9, with ECF No. 37-7. The new damages chart is problematic for several reasons. First, as the Court noted in the R&R, Local Civil Rule 55.2 requires the moving party to "file a statement of damages, sworn or affirmed to by one or more people with personal knowledge . . . showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." See Loc. Civ. R. 55.2(c). The new damages chart does not state that it was "sworn or affirmed to by one or more people with personal knowledge," despite the Court's R&R explicitly instructing that "[a]ny updated statement of damages should

be sworn or affirmed to by Plaintiffs or other persons with personal knowledge of Plaintiffs' damages." See ECF No. 35 at 43.

In addition, Plaintiffs' counsel largely re-submitted the same attorney declaration from its original motion for default judgment, despite a significant passage of time and change in counsel.[6] Looking at the statements pertaining to the damages calculations, Plaintiffs' current counsel, Robert Jun ("Mr. Jun"), repeats previous counsel, Catalina Sojo's, statement that "[o]ur office calculated the number of weeks in each pay period and, based upon Plaintiffs' Declarations, listed the number of hours they worked per week in each period." Compare ECF No. 29 at 5, with ECF No. 37-5 at 3. Mr. Jun also repeats the following statement: "Our office calculated pre-judgment interest on back pay from the midpoints of each pay period to December 11, 2024 at the rate of nine percent (9%)." Compare ECF No. 29 at 6, with ECF No. 37-5 at 3. Notably, Mr. Jun said he used the December 11, 2024, date to calculate pre-judgment interest, despite updating these calculations in the new damages chart and signing his declaration on October 9, 2025. See ECF No. 37-5 at 12; ECF No. 37-7.

The Court's R&R also required that "[i]f Plaintiffs' counsel seeks attorneys' fees, counsel should submit updated billing records and invoices for this action along with any motion for damages." See ECF No. 35 at 43. Once again, Plaintiffs' counsel disregarded the Court's explicit instructions. The motion for default judgment sought $5,625.00 in attorneys' fees and

[6] On May 28, 2025, Robert Jun filed a notice of appearance. See ECF No. 32. On June 3, 2025, outgoing counsel, Catalina Sojo, filed a document entitled "Consent to Change Attorney," which was signed by Mr. Gomez Cruz, Mr. Luna and Mr. Reynaldo Perez on April 28, 2025. See ECF No. 33 at 1-2. Mr. Flores Godines signed a separate page, which does not indicate a signature date. Id. at 3. The form states that Plaintiffs consented "that Michael Faillace be substituted as attorney of record." Id. at 1. On June 3, 2025, Michael Faillaice filed a notice of appearance. See ECF No. 34. On November 7, 2025, the undersigned entered the stipulation at ECF No. 33, thereby substituting Michael Faillace as attorney of record for Plaintiffs. See 11/7/2025 Order.

costs, while the damages motion seeks $5,353.00 in attorneys' fees and costs. Compare ECF No. 29 at 13, with ECF No. 37-5 at 12. In the instant motion, Plaintiffs' counsel notes: "We could not locate the invoice for the 'Service on He Shun Chen' and the 'Due Diligence Inquiry' so we subtracted $272 from the expenses." ECF No. 37-5 at 10 n.3. This accounts for the minor reduction in total attorneys' fees and costs now being sought, from $5,625.00 to $5,353.00. Compare ECF No. 29 at 13, with ECF No. 37-5 at 12. Otherwise, the new submission is largely identical to the original submission and even attaches the same billing records from "CSM Legal, P.C." dated December 13, 2024. Compare ECF No. 29-10 at 1-2, with ECF No. 37-8 at 1-2. This suggests Plaintiffs' counsel did not complete any additional work after filing the default judgment motion on December 13, 2024. See ECF No. 37-8 at 1-2.

In sum, Plaintiffs have not addressed the Court's concerns regarding their requested damages. The Court cannot calculate damages to a reasonable certainty based on Plaintiffs' "new" motion for damages, which largely repeats Plaintiffs' prior motion for default judgment without addressing the ambiguities identified by the Court's R&R.

This adds to a concerning lack of due diligence on the part of Plaintiffs' counsel in litigating this case. As noted above, since DFL appeared in this case in November 2025, and as discussed during status conferences in March, May, July and August 2026, Plaintiffs have been on notice about questions as to the correct identity of Plaintiffs' employer(s). See generally Transcripts at ECF Nos. 53-56. During these conferences, the Court asked Plaintiffs' counsel about the factual basis for identifying Plaintiffs' employer(s). Id. Plaintiffs' counsel primarily relied on three pictures of "Building Operation Permits" issued by the New York City Department of Transportation, which listed DFL and Chen Snow. See ECF No. 49-1 at 1-3. DFL's counsel maintained that these were permits for placing large debris containers on streets,

rather than permits for construction. See, e.g., Transcript of 5/19/2026 Status Conference, ECF No. 55 at 3-4. DFL's counsel repeatedly asserted that his client was the wrong corporate defendant. See generally Transcripts at ECF Nos. 54-56. Plaintiffs eventually stipulated to dismiss DFL but requested to proceed with their motion for damages against Individual Defendant. See ECF No. 52. However, Plaintiffs have not identified any new information connecting Mr. Chen to Plaintiffs. Moreover, it is unclear if Plaintiffs' counsel has conducted any further investigation into the relevant construction site(s), despite the availability of a myriad of public sources including the New York City Department of Buildings website. As the Court previously stated on the record, it appears Plaintiffs "are persisting without [counsel] doing the research, even to the most obvious of sources." See ECF No. 55 at 7.

## IV. CONCLUSION

For the reasons stated herein, the Court respectfully recommends that Plaintiffs' motion for damages be denied without prejudice and with leave to renew within 30 days of adoption of this report and recommendation, if it is adopted. The Court reiterates its instructions from the August 15, 2025, R&R:

Any updated statement of damages should be sworn or affirmed to by Plaintiffs or other persons with personal knowledge of Plaintiffs' damages and should include a week-by-week approximation of Plaintiffs' hours worked and daily wages. The Court notes that Mr. Reynaldo Perez's and Mr. Luna's submissions imply that they worked without a break in employment throughout the Covid-19 pandemic. Any future submissions should either confirm this point or correct it. If Plaintiffs' counsel seeks attorneys' fees, counsel should submit updated billing records and invoices for this action along with any motion for damages. If the District Court refers the damages motion to the undersigned, Plaintiffs' counsel are to email a "live"

spreadsheet of their damages calculation to scanlon_chambers@nyed.uscourts.gov. Plaintiffs must file a certificate of service stating that all documents in support of the request for damages "have been personally served on, or mailed to the last known residence (for an individual defendant) . . . of, the party against whom default judgment is sought." See Loc. Civ. R. 55.2(a)(3). If Plaintiffs fail to comply with these instructions and meet the applicable standard for a default damages motion in their next submission, the motion may be denied with prejudice.

This report and recommendation will be filed electronically. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any request for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day objection period. Failure to timely file objections will preclude further review of this report and recommendation by either the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022).

The Court will mail a copy of this report and recommendation as well as the public docket to Defendant He Shun Chen at 4611 7th Avenue, 2nd Floor, Brooklyn, New York 11220.

Dated: Brooklyn, New York
August 28, 2026

*Vera M. Scanlon*

VERA M. SCANLON
United States Magistrate Judge