UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JOSE ESPOSORIO GOMEZ CRUZ, JOSE REYNALDO PEREZ *a/k/a* JUNIOR, JUAN LUNA, and RUFINO FLORES GODINES,

Plaintiffs,

v.

DING FENG LIN CONSTRUCTION LLC and HE SHUN CHEN,

Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
24-CV-2657 (MKB) (VMS)

MARGO K. BRODIE, United States District Judge:

Plaintiffs Jose Esposorio Gomez Cruz, Jose Reynaldo Perez also known as Junior, Juan Luna, and Rufino Flores Godines, commenced the above-captioned action on April 9, 2024 against Defendants Ding Feng Lin Construction LLC doing business as Ding Feng Lin Construction LLC and He Shun Chen, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New York Labor Law, NYLL §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). (Compl., Docket Entry No. 1.) On December 13, 2024, Plaintiffs moved for default judgment against Defendants. (Pls.' Mot. for Default J., Docket Entry No. 28; Pls.' Mem. in Supp. of Pls.' Mot. for Default J., Docket Entry No. 30.) On December 17, 2024, the Court referred Plaintiffs' motion for default judgment to Magistrate Judge Vera M. Scanlon for a report and recommendation. (Order dated Dec. 17, 2024.) By report and recommendation dated August 15, 2025, Judge Scanlon recommended that the Court grant in part and deny in part Plaintiffs' motion (the "First R&R"). (First R&R, Docket Entry No. 35.) On September 9, 2025, the Court adopted the R&R. (Order Adopting R&R, Docket Entry No. 36.) Plaintiffs subsequently filed a motion for damages against Defendants. (Mot. for Damages, Docket Entry No. 37.)

Currently before the Court is Judge Scanlon's report and recommendation denying Plaintiffs' motion for damages against He Shun Chen (the "Second R&R"). (Second R&R, Docket Entry No. 57.) For the reasons discussed below, the Court adopts the Second R&R and denies Plaintiffs' motion for damages against He Shun Chen.

## I. Background

After the Court adopted the First R&R, Plaintiffs filed a motion for damages on October 9, 2025, against Ding Feng Lin Construction LLC and He Shun Chen. (Pls.' Mot. for Damages, Docket Entry No. 37.) On November 10, 2025, Ding Feng Lin Construction LLC filed a notice of appearance, (Ding Feng Lin Construction LLC's Not. of Appearance, Docket Entry No. 38), and on December 8, 2025, moved to vacate the default judgment against it. (Ding Feng Lin Construction LLC's Mot. to Vacate, Docket Entry No. 39.) Ding Feng Lin Construction LLC argued,[1] in part, that "[P]laintiffs were never employed or contracted for work by [Ding Feng Lin LLC]." (*Id.* at 3.) The Court referred the motion to Judge Scanlon. (Order Referring Mot., dated Dec. 9, 2025.) On February 24, 2026, Plaintiffs consented to vacating the default judgment against Ding Feng Lin Construction LLC. (Pls.' Ltr. dated Feb. 24, 2026, Docket Entry No. 41.)

On March 4, 2026, Judge Scanlon held a conference in which the parties "confirmed on the record their stipulation to the motion to vacate the [default] judgment . . . as to [Ding Fen Lin Construction LLC] only." (Order dated March 11, 2026.) Also at the conference, Plaintiffs withdrew without prejudice the motion for damages against He Shun Chen, with leave to reinstate by letter. (*Id.*) On July 22, 2026, Plaintiffs filed a stipulation of dismissal as to Ding

[1] Ding Feng Lin Construction LLC argued that the Court should vacate the default judgement against it because (1) Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, the Court lacked jurisdiction as Plaintiffs never served the summons and notice on Ding Feng Lin Construction LLC and (2) Ding Feng Lin Construction LLC had no actual or constructive notice of the suit because "plaintiffs were never employed or contracted for work by [Ding Feng Lin Construction LLC]." (Ding Feng Ling Construction LLC's Mot. to Vacate 8–21.)

Feng Lin Construction LLC, (Pls.' Stipulation of Dismissal, Docket Entry No. 51), and on July 29, 2026, filed a letter requesting that the Court proceed with Plaintiffs' motion for damages against He Shun Chen. (Pls.' Ltr. dated July 29, 2026, Docket Entry No. 52.) On July 30, 2026, the Court dismissed Ding Feng Lin Construction LLC and terminated it from the action. (Order Dismissing Parties, dated July 30, 2026.)

On August 12, 2026, Judge Scanlon held a status conference with Plaintiffs during which Plaintiffs argued that the case should proceed against He Shun Chen. (Order, dated Aug. 12, 2026.) Judge Scanlon permitted the motion for damages to proceed against He Shun Chen and filed the Second R&R on August 28, 2026.

In the Second R&R, Judge Scanlon found that she could not "calculate damages to a reasonable certainty based on Plaintiffs' 'new' motion for damages, which largely repeats Plaintiffs' prior motion for default judgment without addressing the ambiguities identified by the Court's [First] R&R." (Second R&R 15.) Judge Scanlon recommended that the Court deny Plaintiffs' motion to vacate without prejudice and with leave to renew within thirty days of the Court adopting the Second R&R. (*Id.* at 16.)

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999) (quoting *id.*); *Serrano v. Royce*, No. 20-CV-6660, 2024 WL 295374, at *2 (S.D.N.Y. Jan. 25, 2024) (quoting *id.*). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 362 (2d Cir. 2025) (quoting same); *see also Miller*

*v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Berchard v. Colvin*, No. 23-7774, 2024 WL 5274654, at *4 (2d Cir. Jan 3, 2025) ("[A] party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.* (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

## III. Conclusion

The Court has reviewed the Second R&R and, finding no clear error, adopts the Second R&R pursuant to 28 U.S.C. § 636(b)(1). The Court grants Plaintiffs leave to renew their motion for damages within thirty days.

Dated: September 23, 2026
Brooklyn, New York

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge